UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

(West Palm Beach Division)

```
FILED by    VT   D.C.
ELECTRONIC
Nov. 30, 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI
```

KERRY GREEN,

    Plaintiff,

vs.

MASIMO CORP.,

    Defendant.
_____/

Case Number:

**09-CV-82355-Ryskamp-Vitunac**

**Complaint – Jury
Trial Demanded**

Plaintiff, Kerry Green, sues defendant, Masimo Corp., and alleges:

### Introduction

1. This is an age- and gender-discrimination complaint brought by Kerry Green, a then-50-year-old woman whom Masimo Corp., employed an account executive. Masimo treated Green differently than it did her male colleagues, paid her less and terminated her. She sues pursuant to the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. (ADEA), and the Florida Civil Rights Act of 1992 for damages, including liquidated damages, punitive damages, injunctive relief and attorney's fees and litigation expenses.



**The Amlong Firm** • 500 Northeast Fourth Street • Fort Lauderdale, FL 33301 • 954.462.1983

## Jurisdiction

2. This action arises under the Title VII and the ADEA. Jurisdiction is founded on 28 U.S.C. § 1331 and 1343(a)(4) and 29 U.S.C. § 626(c)(1). This court has supplemental jurisdiction over plaintiff's claims under the Florida Civil Rights Act of 1992 pursuant to 28 U.S.C. 1367.

## Venue

3. Venue is proper in the Northern Division of the Southern District of Florida, pursuant to 28 U.S.C. § 1391 (b)(1) and (2) because the events and omissions giving rise to the claims occurred in Delray Beach, FL, where plaintiff Green maintained a home office.

## Parties

4. Kerry Green ("Green") at all times material was a 50-year-old woman whom Masimo Corp. had employed as an account executive since 2006.

5. Masimo Corp. ("Masimo") is a Delaware corporation headquartered in Irvine, California. It is and was an "employer" as envisioned by 42 U.S.C. § 2000e(b), 29 U.S.C. § 630(b) and §760.02(7), FLA. STAT. (2009). It is sued for injunctive relief, back pay and damages, including liquidated and punitive damages.

**Satisfaction of Conditions Precedent**

6. Green on or about February 8, 2008, filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Human Relations (FCHR) concerning her termination and treatment by Masimo.

7. The EEOC on or about August 28, 2009 issued Green a Notice of Right to Sue.

8. More than 180 days elapsed from the time that Green filed with the FCHR without the FCHR either conciliating the matter or making a finding adverse to Green.

**General Allegations**

9. Green was qualified for her job as an account executive.

10. Masimo terminated Green's employment on or about January 18, 2008, purportedly on the grounds that she failed to achieve her sales quota.

11. Masimo, however, caused Green to fail to achieve her quota by:

    a. allowing her substantially younger manager (Stephen F. Gately, 40) to insinuate himself into an $11 million deal that Green was about to close with the LeeSar Health System on Florida's Gulf Coast and to deal with her customer in such a rude, arrogant and dismissive manner that the customer declined to close; and

   b.   refusing, in or about July or August, to permit Green to include carbon dioxide monitors manufactured by another corporation in the sale of $4 million in oxygen-measurement devices to Baptist Health Systems in Miami for the stated reason that "we don't manufacture them" — even though a male former colleague, Brian Nagy, was allowed to do the same thing during the Spring of 2007 in a deal with Tampa General Hospital, even though Baptist Health Systems made it clear that it would not purchase Masimo's products without the deal's encompassing both, and even though all Masimo account executives were subsequently allowed to make such sales.

   12.   Those two deals not only cost Green more than $150,000 in commissions, but caused her to miss quota.

   13.   A significant majority of other account executives, including persons who were male and younger, also missed making their quotas, but none got fired.

   14.   Additionally, Masimo payed Green as a "Level 2" account executive as opposed to the "Level 3":

   a.   at which Green's hiring manager told her she was being brought in, and

   b.   that was listed on company paperwork, including a personnel roster and the commission statements given to Green.

15. The mis-classification reduced Green's earnings by $12,500 a year in base salary, a $3,000 a year in bonus, and lower percentages for commissions.

16. This mis-classification also resulted in males with less experience than Green getting paid more than her for doing the same work.

### Statutory Provisions

17. Title VII of the Civil Rights Act of 1964, as amended, provides in pertinent part at § 2000e-2(a) ("Unlawful employment practices") that:

> Employer practices. It shall be an unlawful employment practice for an employer —
>
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's ... sex ...; or
>
> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's ... sex....

The Age Discrimination in Employment Act provides in pertinent part at § 623(a) that:

18. It shall be unlawful for an employer —

> (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age...

19. Section 760.10(1), FLA. STAT. (2009) provides in pertinent part:

> It is an unlawful employment practice for an employer:
>
> (a) To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's ...sex [or] ... age ....

### Count I: Gender Discrimination Under Title VII

20. Green realleges and adopts, as if fully set forth in Count I, the allegations of ¶¶ 1-7 and 9-17.

21. Masimo's behavior towards Green was based on her sex and thus, constituted sex discrimination as proscribed by § 2000e-2(a)(1) and (2).

22. As a direct, natural, proximate and foreseeable result of the actions of Masimo, Green has suffered a loss of past income and future earning capacity, as well as emotional distress.

23. The discrimination against Green, of which discrimination Masimo's higher management was aware and which discrimination it both participated in and ratified, was a knowing or reckless violation of Title VII, so as to entitle Green to an award of punitive damages.

24. The sex discrimination that Green is suffering, in violation of her federal statutory right to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

25. Green is entitled to recover reasonable attorney's fees and litigation expenses against Masimo pursuant to 29 U.S.C. § 2000e-5(k).

## Relief Sought as to Count I

WHEREFORE, Green prays that this court will:

**One**, issue a declaratory judgment that Masimo's practices towards Green violate Green's rights against sex discrimination under Title VII of the Civil Rights Act of 1964;

**Two**, enjoin Masimo, its management employees and/or agents to cease discriminating against Green because of her sex, to make her whole through reinstatement and restoration of benefits and seniority, or, if that is not practical, through an award of front pay;

**Three**, enter a judgment for Green and against Masimo for damages, including punitive damages;

**Four**, grant Green her costs and a reasonable award of attorney's fees pursuant to the 29 U.S.C. § 216(b); and

**Five**, grant Green such other and further relief as the circumstances and law require and/or provide.

## Count II: Age Discrimination Under ADEA

26. Green realleges and adopts, as if fully set forth in Count II, the allegations of ¶¶ 1-7, 9-16 and 18.

27. Masimo's behavior towards Green was based on her age and thus, constituted age discrimination as proscribed by § 623(a)(1).

28. As a direct, natural, proximate and foreseeable result of the actions of Masimo, Green has suffered a loss of past income and future earning capacity.

29. The discrimination against Green, of which discrimination Masimo's higher management was aware and which discrimination it both participated in and ratified, was a knowing or reckless violation of the ADEA, so as to entitle Green to an award of liquidated damages.

30. The age discrimination that Green is suffering, in violation of her federal statutory right to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

31. Green is entitled to recover reasonable attorney's fees and litigation expenses against Masimo pursuant to 29 U.S.C. § 216(b).

### **Relief Sought as to Count II**

WHEREFORE, Green prays that this court will:

**One**, issue a declaratory judgment that Masimo's practices towards Green violate Green's rights against age discrimination under the ADEA;

**Two**, enjoin Masimo, its management employees and/or agents to cease discriminating against Green because of her age, to make her whole through reinstatement and restoration of benefits and seniority, or, if that is not practical, through an award of front pay;

**Three**, enter a judgment for Green and against Masimo for damages, including liquidated damages;

**Four**, grant Green her costs and a reasonable award of attorney's fees pursuant to the 29 U.S.C. § 216(b); and

**Five**, grant Green such other and further relief as the circumstances and law require and/or provide.

### Count III/Sex Discrimination Under Florida Civil Rights Act

32. Plaintiff, Green, realleges and adopts, as if fully set forth in Count III, the allegations of ¶¶ 1-6, 8-16 and 19.

33. Masimo's behavior towards Green was based on her sex and thus, constituted sex discrimination as proscribed by § 760.10(1), FLA. STAT. (2009).

34. As a direct, natural, proximate and foreseeable result of the actions of Masimo, Green has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

35. The discrimination against Green, of which discrimination Masimo's higher management was aware and which discrimination it both participated in and ratified, was in such reckless disregard of Green's statutory rights against discrimination as to entitle Green to an award of punitive damages.

36.    The age discrimination that Green is suffering, in violation of her statutory right to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

37.    Green is entitled to recover reasonable attorney's fees and litigation expenses against Masimo pursuant to § 760.11(5), FLA. STAT. (2009).

### Relief Sought as to Count III

WHEREFORE, Green prays that this court will:

**One**, issue a declaratory judgment that Masimo's practices towards Green violate Green's rights against age discrimination under the FCRA;

**Two**, enjoin Masimo, its management employees and/or agents to cease discriminating against Green because of her age, to make her whole through reinstatement and restoration of benefits and seniority, or, if that is not practical, through an award of front pay;

**Three**, enter a judgment for Green and against Masimo for damages, including punitive damages;

**Four**, grant Green her costs and a reasonable award of attorney's fees pursuant to the § 760.11(5), FLA. STAT. (2009); and

**Five**, grant Green such other and further relief as the circumstances and law require and/or provide.

## Count IV/Age Discrimination Under Florida Civil Rights Act

38. Plaintiff, Green, realleges and adopts, as if fully set forth in Count IV, the allegations of ¶¶ 1-6, 8-16 and 19.

39. Masimo's behavior towards Green was based on her age and thus, constituted age discrimination as proscribed by § 760.10(1), FLA. STAT. (2009).

40. As a direct, natural, proximate and foreseeable result of the actions of Masimo, Green has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

41. The discrimination against Green, of which discrimination Masimo's higher management was aware and which discrimination it both participated in and ratified, was in such reckless disregard of Green's statutory rights against discrimination as to entitle Green to an award of punitive damages.

42. The age discrimination that Green is suffering, in violation of her statutory right to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

43. Green is entitled to recover reasonable attorney's fees and litigation expenses against Masimo pursuant to § 760.11(5), FLA. STAT. (2009).

## **Relief Sought as to Count IV**

WHEREFORE, Green prays that this court will:

**One**, issue a declaratory judgment that Masimo's practices towards Green violate Green's rights against age discrimination under the FCRA;

**Two,** enjoin Masimo, its management employees and/or agents to cease discriminating against Green because of her age, to make her whole through reinstatement and restoration of benefits and seniority, or, if that is not practical, through an award of front pay;

**Three**, enter a judgment for Green and against Masimo for damages, including punitive damages;

**Four**, grant Green her costs and a reasonable award of attorney's fees pursuant to the § 760.11(5), FLA. STAT. (2009); and

**Five,** grant Green such other and further relief as the circumstances and law require and/or provide.

## Demand for Jury Trial

Plaintiff, Kerry Green, demands trial by jury on all issues so triable.

Respectfully Submitted,

AMLONG & AMLONG, P.A.
500 Northeast Fourth Street
Second Floor
Fort Lauderdale, FL 33301-1154
Telephone: (954)462-1983

By: _____
WILLIAM R. AMLONG
Florida Bar No: 470228
WRAmlong@TheAmlongFirm.com
KAREN COOLMAN AMLONG
Florida Bar No: 275565
Kamlong@TheAmlongFirm.com

Attorneys for Plaintiff

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)    **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

### I. (a) PLAINTIFFS
KERRY GREEN,

### DEFENDANTS
MASIMO CORP.,

**(b)** County of Residence of First Listed Plaintiff   PALM BEACH
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
AMLONG & AMLONG, P.A.
500 N.E. 4th Street
Fort Lauderdale, Fl 33301
954 462 1983

Attorneys (If Known)

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ☒ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

9:09 CV 82355 - Ryskamp - Vitunac

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☒ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☒ NO    b) Related Cases ☐ YES ☒ NO
JUDGE _____ DOCKET NUMBER _____

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity): This is an action pursuant to 42 U.S.C. § 2000e, et seq. and 29 U.S.C. § 621, et seq.
LENGTH OF TRIAL via 5 days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
DATE 11/30/09

350    Receipt # 648192